# IN THE UNITED STATES DISTRICT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

Related to MDL No. 2887

HAROLD INFANTE, AN INDIVIDUAL AND COLORADO RESIDENT,

      Plaintiff,

v.

HILL'S PET NUTRITION, INC. and COLGATE-PALMOLIVE COMPANY,

      Defendants.

---

## CLASS ACTION COMPLAINT

---

For this Class Action Complaint, Plaintiff Harold Infante ("Infante"), individually and on behalf of all others similarly situated, allege the following against Defendants Hill's Pet Nutrition, Inc. ("Defendant Hill's" or "Hill's") and Colgate-Palmolive Company ("Defendant Colgate" or "Colgate") (collectively, "Defendants"), based on personal knowledge as to Plaintiff, and Plaintiff's own acts and on information and belief as to all other matters based upon, *inter alia*, the investigation conducted by and through Plaintiff's undersigned counsel:

## SUMMARY OF CASE

1.    Defendants manufactured and sold certain canned dog food with excessive and toxic levels of vitamin D in as many as 86 different countries, including the United States.  The dog food containing excessive vitamin D was subsequently ingested by, and caused harm to, the pets of Plaintiff and the other Class members.

2.    Defendant Hill's, founded in 1939, manufactures and sells pet nutrition products, including dog and cat food. Hill's markets, advertises, and warrants its dog food as fit for consumption by canines, with the precise balance of nutrients to meet the health and nutrition needs of pets, and as being free from defects.

3.    Defendant Hill's is headquartered in Topeka, KS. The Hill's Pet Nutrition Center is where Hill's develops all of its recipes. Hill's website does not provide specific information about where its products are made except to say that its foods are made in the U.S with ingredients from North America, Europe, and New Zealand.

4.    Hill's pet food is produced and manufactured by the Colgate-Palmolive Company and is recommended by veterinarians all over the world. Hill's is a leading producer of pet food products sold by retailers, veterinarians, and veterinary clinics worldwide.

5.    Hill's presents itself in its labeling, marketing, and advertising as a provider of high quality, safe and healthy, elite-level pet food.

6.    The Recalled Products were intended to be placed in the stream of commerce and distributed, offered for sale, and sold to Plaintiff and other Class members across the United States and world-wide.

7.    As alleged herein, Defendants' "Recalled Products" (defined below) were unfit for

their stated and intended purposes because they contained excessive and toxic levels of vitamin D, which was harmful to the health of the pets of Plaintiff and Class members.

8.      On January 31, 2019, Hill's announced an initial recall of canned Prescription Diet and Science Diet products because they contained excessive amounts of vitamin D. Hill's added more products to the list of Recalled Products on February 8, 2019 and again on March 20, 2019.  According to Hill's website, "Dogs ingesting elevated levels of Vitamin D may exhibit signs such as vomiting, loss of appetite, increased thirst, increased urination, excessive drooling, weight loss and joint issues."[1]

9.      Included in the recall of Defendants' products ("Recalled Products") were[2]:

| Product Name | SKU Number | Date Code/Lot Code |
|---|---|---|
| *Hill's® Prescription Diet® k/d® Kidney Care with Lamb Canned Dog Food, 13oz, 12-pack | *2697 | *102020T25 |
| *Hill's® Science Diet® Adult Perfect Weight Chicken & Vegetable Entrée dog food 12 x 12.8oz cans | *2975 | *092020T28 |
| *Hill's® Prescription Diet® c/d® Multicare Urinary Care Chicken & Vegetable Stew Canned Dog Food, 5.5oz, 24-pack | *3388 | *102020T18 |
| *Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Vegetable & Chicken Stew 24 x 5.5oz cans | *3391 | *092020T27 |
| *Hill's® Prescription Diet® r/d® Canine 12 x 12.3oz cans | *7014 | *092020T28 *102020T27 *102020T28 |
| *Hill's® Science Diet® Adult Beef & Barley Entrée Canned Dog Food, 13oz, 12-pack | *7039 | *092020T31 *102020T21 |
| *Hill's® Science Diet® Adult 7+ Healthy Cuisine Roasted Chicken, Carrots & Spinach Stew dog food 12 x 12.5oz cans | *10449 | *092020T28 |
| *Hill's® Science Diet® Healthy Cuisine Adult Braised Beef, Carrots & Peas Stew Canned Dog Food, 12.5oz, 12-pack | *10451 | *102020T28 |
| Hill's® Prescription Diet® c/d® Multicare Canine Chicken & Vegetable Stew 12.5oz | 3384 | *092020T29 102020T10 102020T25 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 12.5oz | 3389 | *092020T28 *102020T24 *102020T25 102020T04 102020T10 102020T19 102020T20 **102020T21 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 5.5oz | 3390 | 102020T11 112020T23 122020T07 |

[1] https://www.hillspet.com/productlist/faq#vitamin-d-symptoms (As of May 17, 2019)
[2] https://www.hillspet.com/productlist (As of May 17, 2019)

| | | |
|---|---|---|
| Hill's® Prescription Diet® z/d® Canine 5.5oz | 5403 | 102020T17<br>112020T22 |
| Hill's® Prescription Diet® g/d® Canine 13oz | 7006 | *092020T22<br>112020T19<br>112020T20 |
| Hill's® Prescription Diet® i/d® Canine 13oz | 7008 | *092020T21<br>092020T30<br>102020T07<br>102020T11<br>112020T22<br>112020T23 |
| Hill's® Prescription Diet® j/d® Canine 13oz | 7009 | 112020T20 |
| Hill's® Prescription Diet® k/d® Canine 13oz | 7010 | 102020T10<br>102020T11 |
| Hill's® Prescription Diet® w/d® Canine 13oz | 7017 | *102020T24<br>*102020T25<br>*112020T09<br>*112020T10<br>092020T30<br>102020T11<br>102020T12 |
| Hill's® Prescription Diet® z/d® Canine 13oz | 7018 | 102020T04<br>112020T22 |
| Hill's® Prescription Diet® Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5oz | 10086 | 102020T05<br>102020T26 |
| Hill's® Prescription Diet® w/d® Canine Vegetable & Chicken Stew 12.5oz | 10129 | *112020T11<br>*112020T05<br>102020T04<br>102020T21 |
| Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Vegetable & Chicken Stew 12.5oz | 10423 | *092020T27<br>*092020T28<br>*092020T24<br>102020T17<br>102020T19<br>112020T04 |
| Hill's® Prescription Diet® Derm Defense® Canine Chicken & Vegetable Stew 12.5oz | 10509 | 102020T05 |
| Hill's® Science Diet® Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8oz | 4969 | 102020T18 |
| Hill's® Science Diet® Puppy Chicken & Barley Entrée 13oz | 7036 | 102020T12 |
| Hill's® Science Diet® Adult Chicken & Barley Entrée Dog Food 13oz | 7037 | *092020T22<br>102020T13<br>102020T14<br>112020T23<br>112020T24 |
| Hill's® Science Diet® Adult Turkey & Barley Dog Food 13oz | 7038 | 102020T06 |
| Hill's® Science Diet® Adult Chicken & Beef Entrée Dog Food 13oz | 7040 | *112020T10<br>*112020T11<br>102020T13 |
| Hill's® Science Diet® Adult Light with Liver Dog Food 13oz | 7048 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Chicken & Barley Entrée Dog Food 13oz | 7055 | 092020T31<br>102020T13 |

3

| Hill's® Science Diet® Adult 7+ Beef & Barley Entrée Dog Food 13oz | 7056 | *102020T28 092020T31 112020T20 112020T24 |
|---|---|---|
| Hill's® Science Diet® Adult 7+ Turkey & Barley Entrée 13oz | 7057 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew dog food 12.5oz | 10452 | *102020T28 102020T14 102020T21 |
| Hill's® Science Diet® Adult 7+ Youthful Vitality Chicken & Vegetable Stew dog food 12.5oz | 10763 | 102020T04 102020T05 112020T11 |

**Items marked with * are new products added to the list on March 20, 2019. The item marked with ** is one additional lot code of a recalled product, updated on May 15, 2019.[3]**

10.    Hill's sells its products through veterinary clinics (including those with online stores), and in leading national pet specialty chains, including PetSmart and Petco, and through online vendors such as Amazon.com and Chewy.com.

11.    Plaintiff, like other Class members, purchased the Recalled Products from their veterinarians, and at the instructions of their veterinarians, and fed them to their dogs. Due to the excessive and toxic levels of vitamin D in the food, Plaintiff's dog experienced serious adverse health effects and the Plaintiff incurred substantial veterinary and related medical expenses as a result of his pet's health problems and deteriorating condition.

## JURISDICTION AND VENUE

12.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

13.    This Court also has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than 100 class members, and at least one class member is a citizen of a state different from Defendant and is a citizen of a foreign state. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

---

[3] While this is the current list of Recalled Products, additional Hill's products may have caused harm to Plaintiff and the other Class members. Hill's has added products to the recall list twice since the initial recall, and has not definitively declared that no additional products will be recalled. Plaintiff reserves the right to amend this list as needed, if new information becomes available.

14.     Personal jurisdiction is derived from the fact that Defendants systematically and continuously conduct business within the state of Colorado, and many of the false and misleading statements at issue in this case emanated from the state of Colorado.

15.     Venue is proper under 28 U.S.C. § 1391 because Plaintiff suffered injury as a result of Defendants' acts in this District, many of the acts and transactions giving rise to this action occurred in this District, Defendants conduct substantial business in this District, Defendants have intentionally availed itself of the laws and markets of this District, and Defendants are subject to personal jurisdiction in this District.

## PARTIES

### A.    Plaintiff Harold Infante

16.     Plaintiff Harold Infante is, and at all times relevant hereto has been, a citizen of the state of Colorado.  Over the years, Infante has purchased Recalled Products from Defendants for his dog and fed his dog Recalled Products on a daily basis.

17.     Prior to purchasing the Recalled Products, Infante saw the nutritional claims and labels on the packaging, which he relied on in deciding to purchase the products. Infante also purchased the Recalled Products and fed them to his dog at the advice of his veterinarian.

18.     Infante was unaware that the Recalled Products contained excessive amounts of vitamin D at the time he purchased the products and fed them to his dog, due to the false and misleading warranties made by Defendants on the labels and packaging. Infante would not have bought the Recalled Products, or fed them to his dog, if he had known that they contained excessive amounts of vitamin D.

19.     Infante fed his dog Hill's Science Diet Puppy Chicken & Barley Entrée on a daily basis from the time it was a puppy until it was one year old. Since his dog turned one year old, Infante has fed his dog Hill's Science Diet Adult Chicken & Barley Entrée Dog Food on a daily basis.

20.     On or about April 5, 2019, Infante's dog began exhibiting symptoms consistent with vitamin D poisoning, including lack of appetite, diarrhea, blood in stool, vomiting, weight loss, excessive drooling, decreased thirst, increased urination and joint pain.

21.    Because of his dog's declining health, Infante took it into the vet in April 2019 and as a result, incurred costs associated with treating his dog's illness.

**B.    Defendants**

22.    Defendant Hill's Pet Nutrition, Inc. is a Delaware corporation with its headquarters and principal place of business located at 400 SW 8th Avenue, Topeka, Kansas 66603. Defendant formulates, manufactures, distributes, labels, markets, and advertises dry and canned dog food and cat food. Defendant does business throughout the United States and the State of Colorado, including in this District. Defendant marketed and sold the Recalled Products that are the subject of this action.

23.    Colgate-Palmolive Company is a corporation organized under the laws of Delaware. Colgate-Palmolive Company's principal executive office is located at 300 Park Avenue, New York, New York 10022.

24.    Colgate-Palmolive is the parent company of Hill's Pet Nutrition, Inc. Colgate-Palmolive exercises control over Hill's and derived profit from the sales of Hill's products, including the Recalled Products.

25.    Defendants sell their products in as many as 86 countries, and label their products as "Made in the USA," stating that "[f]rom manufacturing and labeling to what certain ingredients are, it's important to inform yourself about where your dog food is made and what's in it before picking up your next bag or can of dog food."[4]

26.    "For a product to carry a 'Made in the USA' label, it must be made from all or virtually all, products from the United States. For pet food, that includes the packaging, ingredients and production of the food. . . . If a company uses a 'Made in the USA' label but sources products from another country, they must have a disclaimer on the packaging."[5]

27.    According to Hill's website, "A pet food label is a legal document regulated by the Association of American Feed Control Officials (AAFCO) and is the primary means of

---

[4] https://www.hillspet.com/dog-care/nutrition-feeding/dog-food-made-in-the-usa
[5] https://www.petmd.com/dog/centers/nutrition/slideshows/what-does-made-in-the-USA-mean-for-pet-food#.UcybwGiF-i1

communication between the pet food manufacturers and pet owners."[6]

28.     At all relevant times, Defendants were and are engaged in the business of operating and selling their products in this Kansas District, in Denver County, throughout the United States of America.

## FACTUAL ALLEGATIONS

### A.     Defendants' Representations and Products

29.     In their marketing and advertising materials, Defendants make claims about the quality of their products, including that they provide "high-quality, balanced nutrition" and that "[t]he right nutrition can transform the life of your dog. Our full range of trusted dog foods can help you address a variety of common health needs." Defendants further claim that "our team of veterinarians, PhD nutritionists, food scientists and sensory experts ensure that Prescription Diet® dog foods provide proven clinical nutrition designed for a variety of health conditions."[7]

30.     Hill's markets to consumers and veterinarians the message that the Recalled Products were formulated specifically for the needs of a dog or cat, based on age, breed, digestive, heart, liver, and/or kidney considerations, depending on the formulation.

31.     Hill's states on its website that "[w]e only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's. Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[8]

32.     Hill's goes on to state on its website that "[w]e conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions," and that "[w]e conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food. Additionally, all finished products are physically inspected and tested for key nutrients

---

[6] https://www.hillspet.com/pet-care/nutrition-feeding/reading-a-pet-food-label
[7] https://www.hillspet.com/dog-food (As of May 17, 2019)
[8] https://www.hillspet.com/about-us/quality-and-safety (As of May 17, 2019)

prior to release to help ensure your pet gets a consistent product bag to bag."[9]

33.    Hill's also states on its website that its products contain the precise balance of nutrients needed for a healthy dog, and that "decades of science and research guide us in making food with the precise blend of taste and nutrition your pet needs — so they can live their best life."[10]

34.    Defendants charge premium prices for Hill's products, including the Recalled Products. In some cases, Defendants charge 200-300% of the price of competing brands, which do not make comparable claims regarding the product's positive effects on the health of the pet and the nutritional quality of the ingredients.

35.    The presence of toxic levels of vitamin D in the Recalled Products drastically reduced their value to consumers, including Plaintiff and the other Class members, because the products were harmful to the health of their pets.

36.    Hill's website specifically highlights the danger of excessive amounts of nutrients, such as vitamin D, by stating that "[n]utritional deficiencies are harmful…you should know that nutritional excesses can be as harmful and are more common than nutritional deficiencies."[11]

37.    As a result of Defendants' misrepresentations, deceptive conduct and unfair practices, Plaintiff and the other Class members suffered actual damages and economic losses by overpaying for the Recalled Products, not knowing that the products would have an adverse effect on the health of their pets.

38.    Plaintiff and the other Class members were willing to pay a premium price for Defendants' products, including the Recalled Products, because the products were specifically represented to be formulated for the particular age, breed and/or health issue of their pets, of higher quality and nutrition, and less likely to be harmful to their pets. Defendants represent in their advertising, labeling and marketing of Hill's products (including the Recalled Products) that Hill's "conduct[s] final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food. Additionally, all finished products are physically inspected and tested for

---

[9] *Id.*
[10] https://www.hillspet.com/about-us/nutritional-philosophy (As of May 17, 2019)
[11] https://www.hillspet.com/pet-care/nutrition-feeding/pet-food-labels-provide-limited-nutritional-info

key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[12]

39.    Plaintiff and the other Class members did not receive what they agreed to pay for, or what they expected. Instead of receiving the high-quality product they expected due to Defendants' representations, they received a product that sickened or killed their dogs and/or cats. Because of the misrepresentations and other improper conduct by Defendants, Plaintiff and the other Class members were subjected to the risk of illness or death of their pets, as well as expensive veterinary bills and related costs, as they tried to address the illnesses and deteriorating health conditions of their pets caused by the excessive vitamin D levels in the Recalled Products.

40.    As a result of Defendants' deceptive conduct and unfair practices, Plaintiff and the other Class members suffered actual damages and economic losses.

41.    Defendants have thus engaged in an extensive, worldwide, uniform marketing and advertising campaign containing misrepresentations and false statements concerning the nutritional advantage and safety of the Science Diet and Prescription Diet product lines.

**B.    Recalled Products**

42.    On January 31, 2019, Hill's announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

43.    According to Hill's website, it "learned of the potential for elevated vitamin D levels in some of our canned dog foods after receiving a complaint in the United States about a dog exhibiting signs of elevated vitamin D levels," and that its "investigation confirmed elevated levels of vitamin D due to a supplier error."[13]

44.    Hill's website also states that "each ingredient" in its products is "examined to ensure its safety."[14]

45.    On February 7, 2019, Hill's announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science Diet products.

46.    Hill's claims that the cause of the excessive vitamin D is due to a supplier error.

---

[12] https://www.hillspet.com/about-us/quality-and-safety (As of May 17, 2019)
[13] https://www.hillspet.com/productlist (As of May 17, 2019)
[14] https://www.hillspet.com/about-us/quality-and-safety

## <u>CLASS ACTION ALLEGATIONS</u>

47.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, including subsections (b)(2), (b)(3), and (c)(4), Plaintiff Infante, individually and on behalf of all others similarly situated, brings this lawsuit on behalf of himself and as a class action on behalf of all persons nationwide who purchased Recalled Products and suffered damages as a result ("Class").

48.    Excluded from the Class are Defendants and any entities in which Defendants or their subsidiaries or affiliates have a controlling interest, and Defendants' officers, agents, and employees. Also excluded from the Class are the judge assigned to this action, members of the judge's staff, and any member of the judge's immediate family. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

49.    **Numerosity:** The members of each Class are so numerous that joinder of all members of any Class would be impracticable. Plaintiff reasonably believes that Class members in the aggregate are well over 1,000. The names and addresses of Class members are identifiable through documents maintained by Defendants.

50.    **Commonality and Predominance**: This action involves common questions of law or fact, which predominate over any questions affecting individual Class members, including:

      a.    Whether Defendants owed a duty of care to the Class;

      b.    Whether Defendants knew or should have known that the Recalled Products contained excessive amounts of vitamin D;

      c.    Whether Defendants represented through advertising, marketing, and labeling that the Recalled Products were healthy, nutritious, and safe for consumption;

      d.    Whether Defendants continue to represent through advertising, marketing, and labeling that the Recalled Products were healthy, nutritious, and safe for consumption;

      e.    Whether the representations and/or omissions Defendants made through their advertising, marketing, and labeling are false, misleading, or deceptive;

f.    Whether Defendants' representations and/or omissions in advertising, marketing, and labeling are likely to mislead a reasonable consumer;

g.    Whether Defendants had knowledge that their representations and/or omissions in advertising, marketing, and labeling were false, deceptive, or misleading;

h.    Whether a representation that a product is safe, nutritious, and healthy for canine consumption and/or omissions that the Recalled Products contained excessive amounts of vitamin D would be material to a reasonable consumer;

i.    Whether Defendants engaged in unlawful, fraudulent, or unfair business practices;

j.    Whether Defendants violated statutes as described herein;

k.    Whether Plaintiff and the other Class members are entitled to damages; and

l.    Whether Plaintiff and the other Class members are entitled to declaratory or injunctive relief.

51.    Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quantity and quality, to the numerous common questions that dominate this action.

52.    **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, Plaintiff and the other Class members were injured through the substantially uniform misconduct by Defendants. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all other Class members, and there are no defenses that are unique to Plaintiff. The claims of Plaintiff and of other Class members arise from the same operative facts and are based on the same legal theories.

53.    **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff will prosecute this action vigorously. The Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

54.    **Superiority:** A class action is superior to any other available means for the fair and

efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action. The damages, harm, or other financial detriment suffered individually by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to litigate their claims on an individual basis against Defendants, making it impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

55.     Further, Defendants have acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

56.     Likewise, particular issues under Rule 23(c)(4) of the Federal Rules of Civil Procedure are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.  Such particular issues include, but are not limited to:

a.     Whether Defendants owed a duty of care to the Class;

b.     Whether Defendants knew or should have known that the Recalled Products contained excessive amounts of vitamin D;

c.     Whether Defendants represented through advertising, marketing, and labeling that the Recalled Products were healthy, nutritious, and safe for consumption;

d.     Whether Defendants continue to represent through advertising, marketing, and labeling that the Recalled Products were healthy, nutritious, and safe for consumption;

e.      Whether the representations and/or omissions Defendants made through their advertising, marketing, and labeling are false, misleading, or deceptive;

f.      Whether Defendants' representations and/or omissions in advertising, marketing, and labeling are likely to mislead a reasonable consumer;

g.      Whether Defendants had knowledge that their representations and/or omissions in advertising, marketing, and labeling were false, deceptive, or misleading;

h.      Whether a representation that a product is safe, nutritious, and healthy for canine consumption and/or omissions that the Recalled Products contained excessive amounts of vitamin D would be material to a reasonable consumer;

i.      Whether Defendants engaged in unlawful, fraudulent, or unfair business practices;

j.      Whether Defendants violated statutes as described herein;

k.      Whether Plaintiff and the other Class members are entitled to damages; and

l.      Whether Plaintiff and the other Class members are entitled to declaratory or injunctive relief.

<u>**First Claim for Relief**</u>
**Violation of Magnuson-Moss Warranty Act**
**(15 U.S.C. § 2301, *et seq.*)**

57.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the Class against Defendants.

59.     Hill's Recalled Products are consumer products as defined in 15 U.S.C. §2301(1).

60.     Plaintiff and Class members are consumers as defined in 15 U.S.C. §2301(3).

61.     Plaintiff purchased Hill's Recalled Products for a cost of more than $5 and their individual claims are greater than $25, as defined in 15 U.S.C. §2302(e) and 15 U.S.C. §2301(d)(3)(A)

62.     Defendants are suppliers and warrantors as defined in 15 U.S.C. §2301(4)-(5).

63.    Defendants issued written warranties in connection with the sale of Recalled Products, as defined in 15 U.S.C. §2301(6), which warranted that the products, among other things, met "the special nutritional needs of puppies and adult dogs," protect "vital kidney and heart function," "[s]upport[] your dog's natural ability to build lean muscle daily," and "improve & lengthen quality of life." Defendants further issued written warranties that they "only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

64.    Defendants breached these written warranties because the Recalled Products contained excessive and toxic levels of vitamin D, which was harmful to the health of the pets of Plaintiff and the other Class members.

65.    Through breach of the above-described written warranties by selling Recalled Products with excessive and toxic levels of vitamin D, which was harmful to the health of the pets of Plaintiff and the other Class members, Defendants violated its statutory duty to them as well as their statutory rights pursuant to 15 U.S.C. § 2301 *et seq*., thereby damaging Plaintiff and the other Class members.

66.    Defendants knew, or should have known of their breach of the above-described written warranties and, within a reasonable time of their breach, given Plaintiff and the other Class members timely notice thereof.

<u>Second Claim for Relief</u>
**Breach of Express Warranty**

67.    Plaintiff Infante hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

68.    Infante brings this claim individually and on behalf of the Class against Defendants.

69.    Defendants sold, and Infante and the other Class members purchased, Recalled Products.

70.    Defendants represented in their marketing, advertising, and promotion of the Recalled Products that, among other things, they met "the special nutritional needs of puppies

and adult dogs," protected "vital kidney and heart function," "[s]upport[ed] your dog's natural ability to build lean muscle daily," and "improve[d] & lengthen[ed your dog's] quality of life." Defendants further issued written warranties that they "only accept[ed] ingredients from suppliers whose facilities meet stringent quality standards" and that "each ingredient [is] examined to ensure its safety."

71.     The Recalled Products did not conform to Defendants' representations and warranties because they contained excessive and toxic levels of vitamin D which was harmful to the health of the pets of Infante and the other Class members.

72.     As a direct and proximate result of Defendants' breaches of their express warranty and failure of the Recalled Products to conform to the warranty, Infante and the other Class members have been damaged in that they did not receive the products as specifically warranted, paid a premium for the product, and/or incurred veterinary expenses to treat their ill pets as a result.

**Third Claim for Relief**
**Breach of Implied Warranty of Merchantability**

73.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

74.     Infante brings this claim individually and on behalf of the Class against Defendants.

75.     Defendants sold, and Infante and the other Class members purchased, Recalled Products.

76.     When Defendants sold the Recalled Products, the products were not merchantable, did not pass without objection in the trade under the label description, were not of fair average quality, were not fit for the ordinary purposes for which such goods were used, and did not conform to the promises or affirmations of fact made on the label or container because the Recalled Products contained excessive and toxic levels of vitamin D, which was harmful to the health of the pets of Infante and the other Class members.

77.     As a direct and proximate result of the Recalled Products being unfit for

consumption and the purpose for which such goods are used, and was otherwise not merchantable, Infante and the other Class members were damaged by not receiving the products as warranted, paid a premium for the products, and/or incurred veterinary expenses to treat their ill pets.

### Fourth Claim for Relief
### Negligence

78.    Plaintiff Infante hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

79.    Infante brings this claim individually and on behalf of the Class against Defendant.

80.    Defendants owed Infante and the other Class members a duty of care in providing the Recalled Products, which Defendants represented as being fit for canine consumption.

81.    Defendants breached this duty by failing to exercise adequate and reasonable care, and by selling the Recalled Products which contained dangerously high levels of vitamin D.

82.    Infante and the other Class members relied upon Defendants' representations, purchased the Recalled Products, and fed them to their pets as instructed on the packaging and/or labeling.

83.    Infante and the other Class members were harmed by Defendants' failure to satisfy their duty of care as a result of paying premium prices for an inferior – and indeed – dangerous product.  Infante and the other Class members also incurred out-of-pocket costs for veterinary and medical treatment due to the adverse health impact of feeding the Recalled Products to their dogs.

84.    Infante and the other Class members are thereby entitled to relief as demonstrated herein.

### Fifth Claim for Relief
### Unjust Enrichment

85.    Plaintiff Infante hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

86.    Infante brings this claim individually and on behalf of the Class against Defendants.

87.    Infante conferred benefits on Defendants by purchasing Recalled Products at a premium price.

88.    Defendants had knowledge of such benefits.

89.    Defendants were unjustly enriched in retaining the revenues derived from Infante and the other Class members purchasing Recalled Products. Retention of the money derived under these circumstances would be unjust and inequitable, because Defendants falsely and misleadingly represented that Hill's products, among other things, met "the special nutritional needs of puppies and adult dogs," protected "vital kidney and heart function," "[s]upport[ed] your dog's natural ability to build lean muscle daily," and "improve[d] & lengthen[ed your dog's] quality of life." Defendants further issued written warranties that they "only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety." In fact, the Recalled Products contained excessive and toxic levels of vitamin D which was harmful to the health of the pets of Infante and the other Class members.

90.    Infante and the other Class members would not have purchased Hill's Recalled Products, and especially would not have purchased them at a premium price, had they known of the true, material facts at the time of purchase.

91.    Defendants must pay restitution for the non-gratuitous benefits they received from Infante and the other Class members.

### Sixth Cause of Action
### Strict Products Liability – Design Defect

92.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

93.    Plaintiff brings this claim individually and on behalf of the Class against Defendants.

94.    Defendants designed, developed, tested, manufactured, distributed, marketed, and/or sold the Recalled Products to Plaintiff and the Class members.

95.    The Recalled Products left Defendants' control and entered the stream of commerce in an unreasonably dangerous condition.

96.    The Recalled Products reached Plaintiff and the Class members in the same condition as when they left Defendants' control.

97.    The products were in an unreasonably dangerous condition because: (a) they posed a risk of vitamin D toxicity and resulting harm to pets, (b) they failed to perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner, and (c) the risk of harm associated with the Recalled Products outweighs the intended and foreseeable benefit.

98.    Plaintiff and the other Class members were unaware of the risk of harm posed by the Recalled Products, nor could they have discovered the defect through ordinary reasonable care.

99.    Plaintiff and the other Class members used the products as intended and in a manner reasonably foreseeable to Defendants.

100.    Plaintiff and the other Class members suffered harm in the form of actual damages for the purchase price of the Recalled Products, veterinary and medical expenses incurred in the treatment of their sick pets, and/or funeral arrangements for deceased pets.

<u>Seventh Cause of Action</u>
**Strict Products Liability – Manufacturing Defect**

101.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

102.    Plaintiff brings this claim individually and on behalf of the Class against Defendants.

103.    Defendants designed, developed, tested, manufactured, distributed, marketed, and/or sold the Recalled Products to Plaintiff and the other Class members.

104.    The Recalled Products were defective, and contained the defect when they left Defendants' control and entered the stream of commerce.

105.    Defendants could have implemented or adopted reasonable and feasible alternative manufacturing and/or testing methods to locate and remedy the defect before placing the Recalled Products in the stream of commerce for sale, but they failed to do so.

106.    The risk of harm associated with the Recalled Products outweighs the intended and foreseeable benefit.

107.    The Recalled Products reached Plaintiff and the other Class members in the same condition as when they left Defendants' control.

108.    Defendants should have known the products were defective and posed a risk of vitamin D toxicity and resulting harm to pets.

109.    Plaintiff and the other Class members were unaware of the risk of harm posed by the Recalled Products, nor could they have discovered the defect through ordinary reasonable care.

110.    Plaintiff and the other Class members suffered harm in the form of actual damages for the purchase price of the Recalled Products, veterinary and medical expenses incurred in the treatment of their sick pets, and/or funeral arrangements for deceased pets.

### Eighth Cause of Action
### Strict Products Liability – Failure to Warn

111.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation contained above as though the same were fully set forth herein.

112.    Plaintiff brings this claim individually and on behalf of the Class against Defendants.

113.    Defendants designed, developed, tested, manufactured, distributed, marketed, and/or sold the Recalled Products to Plaintiff and the other Class members.

114.    The foreseeable risks of harm from the Recalled Products could have been reduced or avoided had Defendants provided reasonable and timely instructions or warnings.

115.    Defendants' failure to provide reasonable and timely instructions or warnings rendered the Recalled Products unreasonably dangerous.

116.    Defendants could have implemented or adopted reasonable and feasible methods
to identify and remedy the defect before placing it in the stream of commerce for sale, but they
failed to do so.

117.    Plaintiff and the other Class members were unaware of the risk of harm posed by
the Recalled Products, nor could they have discovered the defect through ordinary reasonable
care.

118.    As a direct and foreseeable result of the Defendants' failure to provide a timely
and reasonable warning of the defect, Plaintiff and the other Class members suffered harm in the
form of actual damages for the purchase price of the Recalled Products, veterinary and medical
expenses incurred in the treatment of their sick pets, and/or funeral arrangements for deceased
pets.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members,
respectfully requests that this Court enter an Order:

a.    Certifying the United States Class, appointing Plaintiff Infante as the Class
Representative, and appointing Plaintiff's Counsel as Class Counsel under Rule
23 of the Federal Rules of Civil Procedure;

b.    Finding that Defendants' conduct was negligent, deceptive, unfair, and unlawful
as alleged herein;

c.    Finding that Defendants' conduct was in violation of the statutes referenced
herein;

d.    Enjoining Defendants from engaging in further negligent, deceptive, unfair, and
unlawful business practices as alleged herein;

e.    Awarding Plaintiff and the other Class members actual, compensatory, and
consequential damages;

f.    Awarding Plaintiff and the other Class members statutory damages and penalties,
as allowed by law;

g.    Awarding Plaintiff and the other Class members restitution and disgorgement;

h.    Awarding Plaintiff and the other Class members punitive damages;

i.      Awarding Plaintiff and the other Class members pre-judgment and post-judgment interest;

j.      Awarding Plaintiff and the other Class members reasonable attorneys' fees costs and expenses, and;

k.      Granting such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

DATED:  May 24, 2019                         Respectfully submitted,

*/s/ Joshua E. Moyer*

Joshua E. Moyer
Kelly A. Hyman
**Franklin D. Azar & Associates, P.C.**
14426 E. Evans Avenue
Aurora, CO  80014
Telephone: 303-757-3300
Facsimile:  720-213-5131
Email: moyerj@fdazar.com
Email: hymank@fdazar.com